Fisher et al., Admrs., Appellants, *v.* Rose.

Argued October 2, 1935. Before FRAZER, C. J., KEP-HART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Fred B. Trescher,* of *Kunkle, Walthour & Trescher,* with him *Fisher & Ruddock,* for appellants.

*Robert W. Smith,* of *Smith, Best & Horn,* with him *James W. Mack,* for appellee.

PER CURIAM, November 25, 1935:

This action is somewhat anomalous. I. H. Fisher in his lifetime purchased from S. W. Rose Company, a corporation, all the stock of merchandise, good will and fixtures of a store in Indiana, Pennsylvania. The consideration was $120,806.23 to be paid in the manner set forth in the agreement. Fisher incorporated the Fisher Department Stores, and, carrying out the terms of the contract of sale, deposited with the S. W. Rose Company, registered in its name, 974 shares of the capital stock of his company as collateral security for the payment of the balance of the purchase money. Payments were not made as required, and it is claimed by plaintiffs, administrators of Fisher, that the defendant, the president of the pledgee corporation, caused an improper public sale to be made of the stock, purchased it at the sale and has it in his possession and thereby unlawfully converted it to his own use. It is alleged that he has thereby damaged the estate of Fisher to the amount of $132,519.34. The defendant filed an affidavit of defense in the nature of a demurrer, which the court below sustained, holding that if plaintiffs could maintain their action at all, they could do so only against the S. W. Rose Company, not against S. W. Rose individually, as he was neither a party to the agreement of sale nor a pledgee of the stock.

This ruling was correct, possibly for more than one reason. One, however, is sufficient, and that is that plaintiffs did not aver that the pledged certificates of stock, which were registered in the name of the S. W. Rose Company, had been transferred by it to Rose individually, or that Rose had attempted to sell the stock as his own personal property. If Rose were not the president of the corporation to which the stock was pledged, an entirely different situation might present itself. Under the existing circumstances, however, no inference

can be drawn that Rose was acting other than on behalf of his company; certainly we cannot assume such to be true in the absence of specific and direct averment that it was the fact. Rose's acts were therefore, in legal contemplation, those of the company, for which he is not, individually, responsible.

Judgment affirmed.